1  BARRY K. SHELTON (SBN 199307)
   Email: barry.shelton@bgllp.com
   BRACEWELL & GIULIANI LLP
2  111 Congress Avenue, Suite 2300
   Austin, Texas 78701-4061
3  Telephone    (512) 494-3693
   Facsimile    (512) 479-3900

4  Attorney for Plaintiff
   THE SUNSHINE KIDS FOUNDATION

5

6              UNITED STATES DISTRICT COURT FOR THE

7              EASTERN DISTRICT OF CALIFORNIA

8  THE SUNSHINE KIDS FOUNDATION,          Case No.

9              Plaintiff,

10  v.                                     **THE SUNSHINE KIDS FOUNDATION'S
                                           COMPLAINT FOR TRADEMARK
11  SUNSHINE KIDS CLUB OF CALIFORNIA,      INFRINGEMENT (15 U.S.C. § 1114);
                                           FALSE DESIGNATION OF ORIGIN (15
12              Defendant.                 U.S.C. § 1125(a)); DILUTION (15 U.S.C.
                                           § 1125(c)); DILUTION UNDER
13                                         CALIFORNIA LAW; UNFAIR
                                           COMPETITION UNDER CALIFORNIA
14                                         LAW**

15                                         **JURY TRIAL DEMANDED**

16

17

18

19

20

21

22

23

24

25  **THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                          1

**COMPLAINT**

Plaintiff The Sunshine Kids Foundation ("Sunshine Kids" or Plaintiff), files this Original Complaint against Defendant The Sunshine Kids Club of California, Inc. ("Club" or Defendant) as follows:

**PARTIES**

1.      Plaintiff, Sunshine Kids**,** is a §501(c)(3) Texas corporation, a non-profit corporation dedicated to children with cancer, with its principal place of business at 2814 Virginia Street, Houston, Texas 77098.

2.      Upon information and belief, Defendant The Sunshine Kids Club of California, Inc. is a §501(c)(3) California corporation with a principal place of business at 568 Manzanita Avenue #7, Chico, California 95926.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction under 28 U.S.C §1331 as it concerns the rights of the parties under 15 U.S.C. §1051 *et. seq.* (the "Lanham Act"), as well as under 28 U.S.C § 1338.  This Court further has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. §1367(a) as those claims are so related to Plaintiff's claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391(b) and (c) because Defendant resides in this judicial district and this is a judicial district in which a substantial part of the events or omissions giving rise to the trademark infringement, dilution and unfair competition claims occurred.  Specifically, Defendants have advertised,

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                                    2

solicited contributions for, and provided activities and programs for children in the District under Plaintiff's trademarks, (e.g. SUNSHINE KIDS and Sunshine design) and derivations thereof.

5.      This Court has personal jurisdiction over the Defendant because, upon information and belief, the Defendant is a domestic non-profit corporation organized under the laws of the State of California with its principal place of business in this District, the Defendant has purposely availed itself of this forum by its activities in this District, and the cause of the action and origination of this complaint arises out of those activities.  Acts of trademark infringement, trademark dilution, unfair competition, false advertising, and/or false designation of origin perpetrated by Defendant took place in the Eastern District of California.  These acts have caused ongoing injury to Sunshine Kids throughout the United States, the State of California, and in this District.  Accordingly, since Defendant's actions in this forum give rise to these causes of action, Defendant's actions support the exercise of personal jurisdiction over them.

**FACTUAL BACKGROUND**

**A.    SUNSHINE KIDS**

6.      Funded by contributions from individuals, corporations and philanthropic foundations, Sunshine Kids, provides a variety of programs and events, free of charge, for children who are receiving treatments, such as those for cancer in hospitals across the United States and in Canada.  Since its founding in 1982, Sunshine Kids has enjoyed an exceptional following and has become famous and renowned, locally and nationwide, among citizenry, celebrities and corporate sponsors, as a non-profit organization dedicated to enriching the lives of children with cancer.  Numerous articles and news stories have been published over the years about the work of Sunshine Kids.  *See* Exhibits 1 and 2.  Celebrities far and wide have supported

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                                              3

Sunshine Kids, including the former President of the United States, who met with children at the White House.  *See* Exhibit 1.

7.    In 1991, Prudential Real Estate Affiliates, Inc., a nationwide subsidiary of Prudential Financial, Inc., selected Sunshine Kids to receive its support as a nationwide charity, with its offices all over the United States supporting Sunshine Kids' mission.  *See* Exhibit 3. Donations from individual and corporate donors come from near and far. *See* Exhibit 4.  With annual gross revenues of over $3 million, Sunshine Kids hosts numerous activities for children throughout the U.S.  *See* Exhibit 5.  In addition to its office in Houston, Texas, Sunshine Kids presently has regional offices in Los Angeles, California and Mississauga, Ontario, Canada.

8.    It is an understatement to say that since 1982, Sunshine Kids has been very successful in bringing joy to children with cancer, and its name is distinctive, well-known and famous throughout the U.S.

9.    Sunshine Kids have a significant presence in California.  California has been among the three most active states in which Sunshine Kids activities have been sponsored. Sunshine Kids has hosted numerous events in California for deserving children and their families, beginning over 20 years ago.  Sunshine Kids records reflect 15 participating California hospitals referring children to Sunshine Kids events, beginning in 1984.  Sunshine Kids opened a regional office in Los Angeles in 2006.  Prudential Real Estate Affiliate offices throughout California have sponsored fundraisers for Sunshine Kids beginning in 1992.

10.    Sunshine Kids adopted, at least as early as 1983, the name and mark SUNSHINE KIDS, together with various derivations thereof, and logos and slogans related thereto, and has continuously used its name and marks in interstate commerce to this date, promoting the marks in conjunction with its provision of activities and programs for children with cancer and their

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                                    4

families.  Use of the mark and logo includes use on decorative items such as shirts, hats and scarves.  *See* Exhibit 6.   The name and mark SUNSHINE KIDS is an inherently distinctive phrase and mark.  Sunshine Kids' mark SUNSHINE KIDS has been continuously used by Sunshine Kids since at least as early as 1983.  The SUNSHINE KIDS mark became distinctive and famous well prior to 1995 as a result of its notorious and widespread use and recognition.

11.   Sunshine Kids, including its corporate affiliates, spend an average of at least $115,000 annually in nationwide promotion, particularly in brochures, newsletters, signage and press coverage associated with local, regional and national events.  Attached as Exhibits 7 and 8 are samples of advertising and promotions associated with events.

12.   Sunshine Kids is the owner of the following six U.S. Federal Trademark Registrations:

(1)  US Registration No. 1,748,951, Principal Register, Sunshine design for "entertainment services, namely, provision of activities and programs for children with cancer and their families," registered January 26, 1993; renewed February 7, 2003; incontestable pursuant to 15 U.S.C. § 1065.  Exhibit 9.

(2)  US Registration No. 1,747,492, Principal Register, word mark SUNSHINE KIDS for "entertainment services, namely, the provision of activities and programs for children with cancer and their families," registered January 19, 1993; renewed January 11, 2003; incontestable pursuant to 15 U.S.C. § 1065. Exhibit 10.

(3)  US Registration No. 1,934,984, Principal Register, SUNSHINE KIDS TOUGH AS A ROCK for "entertainment services, namely, the provision of activities and programs for children with cancer and their families," registered on November 14, 1995; renewed on December 17, 2005; incontestable pursuant to 15 U.S.C. § 1065.  Exhibit 11.

(4)  US Registration No. 2,566,514, Principal Register, SUNSHINE KIDS, words and design, for "entertainment services, namely the provision of activities and programs for children with cancer and their families," registered on May 7, 2002; renewed on May 12, 2009; incontestable pursuant to 15 U.S.C. § 1065. Exhibit 12.

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                                      5

(5)   US Registration No. 2,475,336, Principal Register, SUNSHINE design for "clothing, namely shirts, hats, and scarves," registered August 7, 2001; renewed on June 12, 2007; incontestable pursuant to 15 U.S.C. § 1065.  Exhibit 13.

(6)   US Registration No. 2,564,943, Principal Register, word mark SUNSHINE KIDS for "clothing, namely, shirts, hats and scarves," registered April 30, 2002; renewed on May 12, 2009; incontestable pursuant to 15 U.S.C. § 1065. Exhibit 14.

13.    The Sunshine Kids is the owner of two prior Federal Trademark Registrations:

(1)   US Registration No. 1,748,954, Principal Register, SUNSHINE KIDS & Design for "entertainment services, namely the provision of activities and programs for children with cancer and their families," registered January 26, 1993 (abandoned on November, 2003 in form of a modernized design).

(2)   US Registration No. 1,758,834, Principal Register, HI, WE'RE THE SUNSHINE KIDS "for entertainment services, namely the provision of activities and programs for children with cancer and their families," registered March 16, 1993; (abandoned on December 20, 2003 in light of evolving new slogans.)

14.    Sunshine Kids also owns a Canadian Registration, Canadian Registration 436,586 for SUNSHINE KIDS registered on December 2, 1994 for "entertainment services, namely the provision of activities and programs for children with cancer and their families." Exhibit 15.

15.    The validity of the registered marks: Sunshine design, SUNSHINE KIDS, SUNSHINE KIDS TOUGH AS A ROCK, and SUNSHINE KIDS words and design, and the marks SUNSHINE design and SUNSHINE KIDS, as well as registrant's ownership of these marks, and registrant's exclusive rights to use these marks in interstate commerce, has become "incontestable" under 15 U.S.C. § 1065, and 15 U.S.C. § 1115(b).

16.    In 2008, Sam's Club Foundation, the charitable foundation of the well known national warehouse club retailer Sam's Club, chose Sunshine Kids as the charity it sponsored for the calendar year 2009.

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                        6

17.    Since 1991, when Prudential Real Estate Affiliates, Inc. selected Sunshine Kids to receive its support as a nationwide charity, Prudential Real Estate Affiliates has continued as a donor, corporate sponsor, and partner by encouraging its franchisees real estate brokerage companies to provide Sunshine Kids with financial and other support.  Such affiliate programs have resulted in the sponsorship of hundreds of events, the raising of at least $15 million, and extensive nationwide advertising and promotion, which advertising and promotion has contributed further to the fame of the SUNSHINE KIDS mark.

18.    In such a "corporate sponsorship" program, consumers make purchases with the understanding that part of the profit is contributed to the charity, resulting in the corporation accruing approval as good citizen in the community.

**B.    DEFENDANT'S UNAUTHORIZED USE OF THE SUNSHINE KIDS'**
       **TRADEMARKS**

19.    In Spring of 2009, Sunshine Kids first learned of Defendant's use of "Sunshine Kids" and a Sunshine logo/design in connection with children's programs through an incident of actual confusion involving Sunshine Kids' corporate sponsor, Sam's Club Foundation.  A Sam's Club location in California contacted Sunshine Kids, after seeing Defendant's website, to enquire as to the relationship between the Club and Sunshine Kids.

20.    A search revealed that Defendant displayed SUNSHINE KIDS as a mark on Defendant's sunshinekidsclub.org website, and clearly traded under "Sunshine Kids."  See attached Exhibit 16.

21.    As seen on Defendant's website, Defendant uses "Sunshine Kids" and "Sunshine Kids Club" as marks for the services of providing children's programs for "children with and without disabilities; designed to foster self-esteem, empower kids and promote advocacy and

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                                          7

acceptance," including self-defense training, wheelchair basketball, teen nights, field trips, teen dances, etc. The website solicits volunteers, sponsors, and donations related to the activities offered under the mark "Sunshine Kids," and lists names of individuals and businesses which have sponsored activities. Defendant uses a yellow sunshine design on T-shirts. *See* Exhibit 16A.

22.    Defendant's website includes interactive components, e.g. a discussion board and chat room, where users can post comments and/or interact. *See* Exhibit 17. The discussion board includes categories for Health, Education, Sports, Events & Activities, Hobbies and a Q&A section. Subcategories are targeted to topics for children with disabilities, e.g. the Sports section includes subcategories for Wheelchair Basketball and Adaptive Bikes.

23.    Defendant's website further includes links to other interactive websites, e.g. a Yahoo group created for the topic "Chico Sunshine Kids Club", including links to a Yahoo Group home page and Yahoo Group email, all for Chico Sunshine Kids Club. *See* Exhibit 17.

24.    Defendant solicits donations on its website, providing direct links to three third party donation sites: Network for Good, a Facebook Cause page established for Defendant, and a North Valley Community Foundation website which seeks donations under the moniker "Annie B's Community Drive." In addition to donations, Defendant solicits volunteers for its events: to contact parents and children, to help find guest speakers, to chaperone events, to host fundraising events, and to volunteer at Defendant's office. Exhibit 18.

25.    In April of 2009 Sunshine Kids' attorney wrote to Defendant pointing out: (1) the length and extent and renown of the Sunshine Kids' activities under its marks; (2) the occurrence of actual confusion; and (3) the continued likelihood of confusion caused by the Club using

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                                              8

"Sunshine Kids" as a mark for its children's programs.  Sunshine Kids requested that the Club cease the unauthorized use of the marks.  Exhibit 19.

26.     By letter of June 4, 2009, the Club responded that it saw no basis for any confusion and that Defendant would "be willing to consider cross-linking its website to Sunshine Kids' website."  Exhibit 20.

27.     By letter of July 14, 2009, Sunshine Kids responded stating that "cross referencing" was not an option and insisting that the Club cease its unauthorized use.  Exhibit 21.

28.     Subsequently, in July of 2009, Sunshine Kids became aware that they had received four (4) checks from Sam's Club Foundation written out to Defendant.  Phone calls to Sam's Club confirmed that the donations were intended for Sunshine Kids, but Defendant was listed as Payee as a result of confusion of a Sam's Club staff employee.  Exhibit 22.

29.     As of December 2009, Defendant has not responded to Plaintiff's letter dated July 14, 2009.  Sunshine Kids' Executive Director did receive a phone message from an individual on behalf of Defendant, but the individual never returned the Executive Director's subsequent phone calls.

C.     **TRADEMARK INFRINGEMENT, DILUTION, AND UNFAIR COMPETITION**

30.     Upon information and belief, Defendant's unauthorized use of "SUNSHINE KIDS" began no earlier than 1995, long after Sunshine Kids' mark SUNSHINE KIDS had become famous and distinctive.

31.     Sunshine Kids' mark SUNSHINE KIDS, as a common law mark and as incontestably federally registered marks, is identical or essentially identical to Defendant's unauthorized use of SUNSHINE KIDS  and/or SUNSHINE KIDS CLUB.  Defendant's use of a

yellow sun in its logo is strikingly similar to Sunshine Kids' incontestable registration for a yellow sun design. *Compare* Exhibit 9 *and* 16.

32.    The provision of activities and programs for children with cancer and their families, and the related products of shirts, hats and scarves, as offered by Sunshine Kids are clearly related to Defendant's "children's programs" and Defendant's similar use of Sunshine Kids' mark and yellow sun on shirts. *Compare* Exhibit 6 *and* see Exhibit 16A.   The Defendant "targets" the same entities for its services as Sunshine Kids "target" for their services, families with children, the general public and corporations for donations and support.

33.    Defendant's unauthorized use of SUNSHINE KIDS and Sunshine design creates a likelihood of confusion with Sunshine Kids' mark SUNSHINE KIDS, as clearly illustrated by the instances of actual confusion.

34.    Defendant's acts have created and are likely to continue to create a likelihood of association with Sunshine Kids' famous marks, arising from the similarity of Defendant's unauthorized use of the marks and Sunshine Kids' famous mark SUNSHINE KIDS.  Defendant's acts are likely to impair the distinctiveness of Sunshine Kids' famous marks, and thus are likely to cause dilution by blurring, as well as raising the spectre of dilution by tarnishment.

35.    Defendant has willfully and intentionally continued this likelihood of association with Sunshine Kids' famous mark SUNSHINE KIDS, as evidenced by Sunshine Kids notification of Defendant in April 2009, and Defendant's failure to discontinue its infringing use and acts of dilution.

36.    Sunshine Kids has no control over the nature or quality of the services rendered by Defendant, and Defendant's unauthorized use of Sunshine Kids' marks with its services can reflect adversely upon Sunshine Kids, as the believed source of origin and approval of

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                         10

Defendant's services.  Given the absence of control by Sunshine Kids over the quality of Defendant's services, and Sunshine Kids' loss of control over the goodwill of its famous mark, the continuing acts of Defendant are jeopardizing the goodwill of Sunshine Kids and its valuable, famous SUNSHINE KIDS mark.  Such acts have caused and continue to cause irreparable injury to Sunshine Kids and the consuming public.

37.    Such adverse reflection will severely frustrate efforts by Sunshine Kids to continue to protect its prestigious business reputation among its sponsors and contributors, and its outstanding reputation for high-quality charitable services throughout the United States.

### FIRST CAUSE OF ACTION

**Trademark Infringement – Violation of (15 USC § 1114)**

38.    Sunshine Kids refers to and incorporates by reference the allegations contained in Paragraphs 1 through 37 as though set forth fully herein.

39.    Sunshine Kids owns and uses in commerce its incontestably federally registered trademarks: Reg. No. 1,748,951 for SUNSHINE design for "entertainment services, namely, provision of activities and programs for children with cancer and their families;" Reg. No. 1,747,492 for SUNSHINE KIDS for "entertainment services, namely, the provision of activities and programs for children with cancer and their families;" Reg. No. 1,934,984 for SUNSHINE KIDS TOUGH AS A ROCK for "entertainment services, namely, the provision of activities and programs for children with cancer and their families;" Reg. No. 2,566,514, for SUNSHINE KIDS words and design for "entertainment services, namely the provision of activities and programs for children with cancer and their families;" Reg. No. 2,475,336, for SUNSHINE design for "clothing, namely shirts, hats, and scarves;" and Reg. No. 2,564,943, for SUNSHINE

KIDS for "clothing, namely, shirts, hats and scarves;" (the Registered Marks), as shown in Exhibits 10-15.

40.    Defendants have used and continue to use SUNSHINE KIDS and derivations thereof and related Sunshine design as a mark in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of children's programs.  Such use has caused and is likely to cause confusion, to cause mistake, and to deceive customers and consumers as to the source of the service, as a result of the strength of the marks, the similarity of the marks and the use by Defendant in connection with services which are related to the combined services of Sunshine Kids' registrations, all in violation of 15 U.S.C. § 1114.  Use of said marks by Defendant is without consent, permission or authority of Sunshine Kids.

41.    Sunshine Kids has been damaged, and is likely to continue to be damaged, by Defendant's use of Sunshine Kids' registered trademarks.

42.    Sunshine Kids is entitled to damages under 15 U.S.C. § 1117, including its actual damages, Defendant's profits from its infringement, the costs of corrective advertising and the costs of this action pursuant to § 1117(a).

43.    Sunshine Kids is entitled to its attorneys' fees, costs and treble damages, as Defendant's continued conduct is knowing and willful under the circumstances, and this case is exceptional under § 1117(a).

## SECOND CAUSE OF ACTION

**False Designation of Origin – Violation of (15 USC § 1125(a))**

44.    Sunshine Kids refers to and incorporates by reference the allegations contained in Paragraphs 1 through 43 as though set forth fully herein.

45.    Sunshine Kids uses and has long used in commerce, since at least the 1980's, the mark SUNSHINE KIDS, derivatives thereof, and the design associated therewith, in providing activities and programs for children with cancer and their families and use on promotional items or products.  As a result, Sunshine Kids owns valid common law rights in the mark SUNSHINE KIDS and derivations thereof and designs associated therewith for such services and products (the Common Law Marks). Sunshine Kids marks and designs, and derivations thereof, are inherently distinctive and, as a result of the long use and the fame of the mark, have long acquired secondary meaning.  Sunshine Kids is the senior user of the common law marks and thus has priority over Defendant.

46.    Upon information and belief Defendant has used in commerce, beginning no earlier than 1995, the designation SUNSHINE KIDS and/or derivations thereof and Sunshine designs related thereto in connection with children's services, and has caused such children's services to enter into interstate commerce associated with such mark.  Said use by Defendant of SUNSHINE KIDS is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Sunshine Kids and as to the origin, sponsorship, or approval by Sunshine Kids of such children's services.  These acts are in violation of 15 U.S.C. § 1125(a), in that Defendant has used in connection with services a false designation of origin, a false or misleading representation of fact which has caused and is likely to continue to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Sunshine Kids and as to the origin, sponsorship, and approval of Defendant's services and commercial activities by Sunshine Kids.

47.    Sunshine Kids has suffered, will continue to suffer, and is likely to suffer substantial damage to its donations, reputation, and goodwill, as a result of Defendant's acts, and will continue to suffer the loss of donations that Sunshine Kids would have received but for Defendant's acts.

48.    Defendant's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a). Defendant's continued conduct is knowing and willful and Sunshine Kids is entitled to attorneys' fees and other costs which the Court considers just and equitable.

### THIRD CAUSE OF ACTION

**Dilution – Violation of 15 USC § 1125(c)**

49.    Sunshine Kids refers to and incorporates by reference the allegations contained in Paragraphs 1 through 48 as though set forth fully herein.

50.    Sunshine Kids owns and uses the famous mark, SUNSHINE KIDS.  The famous mark SUNSHINE KIDS is strong, inherently distinctive and has become distinctive through the acquisition of significant secondary meaning as a result of the long and continuous use of the mark in connection with the services of providing activities and programs for children with cancer and their families and with the goods of shirts, hats and scarves; the famous mark has long been the subject of substantial advertising promotion and publicity by the owner and third parties; the famous mark has been used in association with an extensive number of children's programs and countless fundraising events related thereto, in numerous states throughout a 25 year period, and has been extensively advertised and promoted throughout the United States; the famous mark is widely recognized by consumers and those in the trade; the famous mark is in substantially exclusive use by Sunshine Kids and is federally registered on the Principal Register, as alleged above.  Sunshine Kids' mark SUNSHINE KIDS has been recognized by the general

consuming public of the United States as a designation of source for the goods and services of Sunshine Kids, and has been therefore a famous mark, since before 1995. The acts of Defendant alleged herein were commenced from a time after Sunshine Kids' mark became famous.

51.    Defendant has made use of SUNSHINE KIDS (or confusingly similar words or phrases) as a mark or trade name in connection with services which Defendant has rendered to the public in United States commerce. Defendant's use of SUNSHINE KIDS (or confusingly similar words or phrases) as a mark or trade name creates a likelihood of association with Sunshine Kids' famous mark, arising from its similarity to the Sunshine Kids' famous mark, SUNSHINE KIDS. Defendant's acts are in violation of 15 U.S.C. § 1125(c) in that they are likely to cause dilution by blurring, by impairing the distinctiveness of Sunshine Kids' famous mark SUNSHINE KIDS, all to the irreparable injury and damage to Sunshine Kids. Defendant's acts are also in violation of 15 U. S. C. § 1125(c) in that they are likely to cause dilution by tarnishment, by harming the reputation of Sunshine Kids' famous mark SUNSHINE KIDS, all to the irreparable injury to and damage of Sunshine Kids.

52.    Defendant adopted Sunshine Kids' mark SUNSHINE KIDS (or confusingly similar words or phrases) after Sunshine Kids' mark became famous.

53.    Defendant's use of Sunshine Kids' mark SUNSHINE KIDS (or confusingly similar words or phrases) resulted in actual association between Defendant's use and Sunshine Kids' famous mark. Defendant's use is likely to injure Sunshine Kids' business and charitable reputation and to dilute the distinctive quality of Sunshine Kids' marks and the products and services associated with its marks, in violation 15 U.S.C. § 1125(c).

54.    By these actions, Defendant has gained a financial benefit for itself and has caused financial loss and damages to Sunshine Kids.

55.    Sunshine Kids appeals to the principles of equity, as such actions by Defendant have caused and will continue to cause Sunshine Kids irreparable injury for there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION

**Violation of California Trademark Dilution Statute (Calif. Bus. & Prof. Code §14247)**

56.    Sunshine Kids refers to and incorporates by reference the allegations contained in paragraphs 1-55 as those set forth fully herein.

57.    Sunshine Kids owns and uses the famous mark, SUNSHINE KIDS**,** in California. The famous mark SUNSHINE KIDS is strong, inherently distinctive and has become distinctive through the acquisition of significant secondary meaning as a result of the mark's long and continuous use in California in connection with the services of providing activities and programs for children with cancer and their families and with the goods of shirts, hats and scarves; the famous mark has long been the subject of substantial promotion and publicity in California by the owner and third parties; the famous mark has been used as a mark in association with an extensive number of children's programs and fundraising events related thereto, in California throughout a 20 year period, and has been extensively promoted throughout California; the famous mark is widely recognized by California consumers and those in the trade; the famous mark is in substantially exclusive use by Sunshine Kids and is federally registered on the Principal Register, as alleged above.  Sunshine Kids' mark SUNSHINE KIDS has been recognized by the general consuming public of California as a designation of source for the goods and services of Sunshine Kids, and has been therefore a famous mark in California since before Defendant began its infringing activities, and including before 1995.  The acts of

**THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                                                    16

Defendant alleged herein were commenced after Sunshine Kids' mark became famous in California.

58.    Defendant has made commercial use of SUNSHINE KIDS (or confusingly similar words or phrases) as a mark or trade name in connection with services which Defendant has rendered to the public in the State of California.  Defendant's commercial use of SUNSHINE KIDS (or confusingly similar words or phrases) as a mark or trade name began after Sunshine Kids' famous mark SUNSHINE KIDS became famous in California and is likely to cause dilution of Sunshine Kids' famous mark SUNSHINE KIDS arising from its similarity to Sunshine Kids' famous mark.

59.    Defendant's use of Sunshine Kids' SUNSHINE KIDS (or confusingly similar words or phrases) resulted in actual association between Defendant's use of SUNSHINE KIDS and Sunshine Kids' famous mark.  Defendant's use is likely to injure Sunshine Kids' business and charitable reputation and to dilute the distinctive quality of Sunshine Kids' marks and the products and services associated with Sunshine Kids' marks.

60.    By these actions, Defendant has gained a financial benefit for itself and has caused financial loss and damages to Sunshine Kids.

61.    Sunshine Kids appeals to the principles of equity as such actions by Defendant have caused and will continue to cause Sunshine Kids irreparable injury for which Sunshine Kids has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

**Violation of California Unfair Competition Statute (Calif. Bus. & Prof. Code §§ 17200, et seq.)**

62.    Sunshine Kids refers to and incorporates by reference the allegations contained in paragraphs 1-61 as those set forth fully herein.

63.    Sunshine Kids owns and uses in commerce its incontestably federally registered trademarks, as alleged above.  Sunshine Kids uses and has long used in commerce, since at least the 1980's, the mark SUNSHINE KIDS, derivatives thereof, and designs associated therewith, associated with the provision of activities and programs for children with cancer and their families, including use on promotional items or products, and as a result owns valid common law rights in the mark SUNSHINE KIDS, derivations thereof and designs associated therewith for such services and products.  Sunshine Kids marks and designs, and derivations thereof, are inherently distinctive and, as a result of the long use and the fame of the mark, have long acquired secondary meaning.  Sunshine Kids is the senior user of the common law marks and thus has priority over Defendant.

64.    Defendant has used in business and continues to use in business SUNSHINE KIDS and derivations thereof and related Sunshine design as a mark in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of children's programs and services, and has caused such programs and services to enter into interstate commerce associated with such mark.  Such use has caused and is likely to cause confusion, to cause mistake, and to deceive customers and consumers as to the source of the services, as a result of the strength of the marks, the similarity of the marks and the use by Defendant in connection with services which are related to the combined services of the above cited registrations.  Said use by Defendant of SUNSHINE KIDS is a false designation of origin which is likely to cause confusion, to cause mistake, to deceive as to the affiliation, connection or association of Defendant with Sunshine Kids and as to the origin, sponsorship, or approval of such children's

services by Sunshine Kids, and is likely to dilute the distinctive quality of Sunshine Kids'

famous mark.  Such uses constitute unlawful and unfair business practices and unfair, deceptive,

or misleading advertising in violation of the Unfair Business Practices Act (Calif. Bus. & Prof.

Code §§17200, et seq.).  Use of said marks by Defendant is without consent, permission or

authority of Sunshine Kids.

**SIXTH CAUSE OF ACTION**

**Violation of California Common Law of Unfair Competition**

65.    Sunshine Kids refers to and incorporates by reference the allegations contained in

paragraphs 1-64 as those set forth fully herein.

66.    Defendant committed the above acts of trademark infringement, false designation

of origin and trademark dilution pursuant to Defendant's business activity and such acts

constitute unlawful and unfair practices and unfair competition in violation of the laws of the

State of California.

67.    Such unlawful and unfair practices by Defendant have caused and will continue to

cause Sunshine Kids irreparable injury and monetary damages for which Sunshine Kids has no

adequate remedy at law, as well as damage to reputation and goodwill that will require at least a

program of creative advertising to repair.

**D.    DEMAND FOR JURY TRIAL**

The Sunshine Kids demand trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

Wherefore, Sunshine Kids prays for relief as follows:

1.    A judgment enjoining Defendant, and all of its agents, representatives, officers,

directors, and employees, (1) from using SUNSHINE KIDS trademark or design mark, or any

trademark that is confusingly similar to those trademarks; (2) from doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendant and Sunshine Kids; and (3) to undertake a corrective advertising campaign to undo the confusion caused by its illegal actions;

2.  A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Sunshine Kids within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue their offering of services under the SUNSHINE KIDS trademark and design mark;

3.    A judgment that Defendant disgorge to Sunshine Kids all the profits realized by Defendant, or others acting in concert or participating with Defendant, resulting from Defendant's use of the SUNSHINE KIDS trademark and design mark;

4.  A judgment awarding compensatory damages, plus interest, in an amount to be determined, including but not limited to an amount to recover the costs of corrective advertising;

5.    A judgment that the Court finds this case to be an exceptional case pursuant to 15 U.S.C. §1117(a) and that Defendant's continuing acts of infringement and dilution are willful.

6.    A judgment that Sunshine Kids be awarded three times Defendant's profits from their use of the SUNSHINE KIDS trademark, or three times Sunshine Kids' damages, whichever is greater, together with reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b);

7.  A judgment that Sunshine Kids recover the costs of this action, plus interest; and

8.  A judgment that Sunshine Kids be granted such other and further relief as the Court deems just and proper.

1

Dated:        February 16, 2010                    BRACEWELL & GIULIANI LLP

2

                                                   By ____/s/ Barry K. Shelton_____

3                                                      BARRY K. SHELTON
                                                       California Bar No. 199307

4                                                      BRACEWELL & GIULIANI LLP
                                                       111 Congress Ave., Ste 2300

5                                                      Austin, TX 78701-4061
                                                       (512) 494-3693 – Telephone

6                                                      (512) 479-3900 – Facsimile

7                                                      Attorneys for Plaintiff
                                                       THE SUNSHINE KIDS

8                                                      FOUNDATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    **THE SUNSHINE KIDS FOUNDATION'S COMPLAINT**                              21